INHABITANTS OF THE TOWNSHIP OF NORTH BERGEN, IN THE COUNTY OF HUDSON, PLAINTIFFS IN ERROR, v. JOSEPH EAGER, DEFENDANT IN ERROR.

1. Improvement certificates, in the usual form, are assignable, but not negotiable, and are taken subject to any defence which existed in favor of the public corporation against the original holder, at the time of the assignment.

2. Where payments are to be made, as the work progresses, on the certificate of the engineer in charge, and securities for such payments are given in conformity with the contract, if the proposed improvement is subsequently abandoned by the concurrent acts of the contractor and the public agents, so that assessments cannot be made for the payment of the certificates according to their terms, the assignee may maintain an action against the corporation for the value of such certificates.

---

On error to the Supreme Court, in a case tried at the Hudson County Circuit Court.

For the plaintiffs in error, *J. C. Besson.*

For the defendant in error, *W. Brinkerhoff.*

The opinion of the court was delivered by

SCUDDER, J. An action of debt was brought by the plaintiff, Joseph Eager, against the inhabitants of the township of North Bergen, in the county of Hudson, on two improvement certificates for $500 each, dated February 8th, 1873, sealed, executed, attested and delivered in due form. Each says that this certificate entitles Edmund D. B. Wakeman, *or the holder*, to receive of the treasurer of the township of North Bergen $500, on account of contract for improvement of Homestead Place, from the Paterson plank road to Grand avenue, with the interest thereon, at the rate of seven per cent. per annum, from the date hereof, in amounts not less than $50, at any time, as the money on said assessment shall come to the hands of the township treasurer; and this certificate shall be receivable by the township collector in payment for the assessment for which it is drawn, and shall be transferable by endorsement, and the township committee of the township of North Bergen are hereby bound, for themselves and their successors, that due diligence shall be used in making and collecting the said assessment; and in case the said assessment is not collected to meet this certificate within one year from the date of the confirmation of said assessment, that they will pay the said sum of $500, with interest as above stated, to the holder, upon thirty days' notice of default in the collection of the assessment. These certificates, endorsed by E. D. B. Wakeman and Patrick H. Tealing by successive endorsements of their names upon them, came to the hands of the present holder, Joseph Eager, who brings this action on them against the township of North Bergen.

By the charter of this township, (*Pamph. L.*, 1870, *p.* 1315, § 4,) it is made lawful for the township committee, by ordinance, to provide for the laying out, opening and grading of the streets, roads and avenues, or part or parts thereof, within the township of North Bergen; and it also enacts that the township committee may issue certificates of improvement, under seal. A supplemental law in 1872, (*p.* 1345, § 1,) pro-

vided that the improvement certificates should bear interest from the date of their issue.

Such being the authority given by the charter, an application was presented to the township committee, February 20th, 1872, signed by land owners representing the larger extent of frontage along the proposed laying out and opening of Homestead Place, a proposed street in said township, petitioning for such laying out and opening. July 27th, 1872, the clerk was directed, by resolution, to prepare an ordinance in conformity to the petition for said improvement. The minutes of the township committee do not show an entry or record of such ordinance; but Gerhard Brane testified, on the trial, that he was a member of the township committee at that time, and that there was an ordinance passed authorizing this work, but he did not know what became of it. No witness testifies that there was no such ordinance. That is sufficient proof in this case that an ordinance was passed, and it will not be intended, in the absence of other proof, that the township committee undertook such an important and expensive work without an ordinance directing it to be done. If the clerk of the township committee failed to enter the ordinance in their minutes, the contractor, and the plaintiff, who claims under him, will not be prejudiced by their neglect, nor will they be concluded because the books of the township contain no such ordinance. The plaintiff produced affirmative proof that such ordinance was passed, and there was no denial.

The next proceeding was the awarding of the contract, on duly advertised proposals, to E. D. B. Wakeman, with whom an agreement in writing was made by the township committee for all the excavations, earth filling, rock excavations, retaining wall, culvert and box drains, or basins, according to the specifications of the contemplated improvement, for the due performance of which on the part of Wakeman, the required security was given by bond. This contract is dated September 21st, 1872, and the total amount of work to be done by Wakeman was estimated at $12,887. Payments were to be

made only on the certificates of the surveyor in charge, as the work progressed, in sums of not less than $1000, by certificates bearing interest, fifteen per centum being retained to be paid on completion of the contract. The surveyor certified, February 8th, 1873, that E. D. B. Wakeman, the contractor, was entitled to a certificate in the sum of $1000; and, by resolution of the township committee, the clerk was directed to prepare the two certificates in controversy in favor of Wakeman. The plaintiff, Joseph Eager, became the owner of these certificates by endorsement and purchase, at different times—March 5th, 1873, and June, 1873.

The transfers were legal in form, and the plaintiff took such title as the assignor had therein. The certificates are transferable, but not negotiable, and are subject to the same defences that may be interposed in all ordinary cases of suits brought upon choses in action. The assignee may, by statute, sue in his own name, but in such suit there shall be allowed all just set-offs, discounts and defences, not only against the plaintiff, but also against the assignor, before notice of such assignment shall be given to the defendant. Or, as it is often expressed in more general terms, they are taken subject to the equities between the original parties. *Rev.*, *p.* 850, § 19; *Winfield* v. *City of Hudson*, 4 *Dutcher* 255; *Knapp* v. *Hoboken*, 9 *Vroom* 371; *S. C.*, 10 *Vroom* 394; *Mayor* v. *Ray*, 19 *Wall.* 468; *Police Jury* v. *Britton*, 15 *Wall.* 566; *Swackhamer* v. *Hackettstown*, 8 *Vroom* 191.

Before considering the specific defences in this case, it will be proper to show what progress was made with the work under the contract, and its conclusion. By the terms of the agreement, the work was to be finished and completed on or before the 1st of July next (1873).

It appears in the minutes of the township committee that, on April 1st, 1873, the clerk reported that he had notified Wakeman to prosecute the work with more diligence. It is evident, from entries in the minutes at different times after this report, that there was delay and dissatisfaction regarding this improvement. March 19th, 1874, a notice was given

Wakeman by the township clerk to the effect that the prose-
cution of the work mentioned in his contract was unneces-
sarily delayed, and unless he proceeded and completed the
same without delay the township committee would cause the
work to be done as mentioned in the contract. This provi-
sion in the contract was that, if the work was unnecessarily
delayed, the committee should have power to complete it, and
charge the expense against the contractor.

June 13th, 1874, the committee voted that, whereas, E. B.
Wakeman, the contractor for the improvement of Homestead
Place, has refused and neglected to proceed with the work
therein contracted for, and has abandoned the same; therefore,
resolved, that the said contract between the inhabitants of the
township of North Bergen, in the county of Hudson, and the
said Edmund D. B. Wakeman, bearing date the 21st day of
September, A. D. 1872, for the improvement of Homestead
Place, in said township, be and the same is hereby rescinded
and declared null and void. On June 20th, 1874, a com-
mittee of the said township committee, who had been ap-
pointed to examine the proposed improvement, reported that,
in their judgment, the work, if carried on according to the
proposed plan, would be of no benefit to the property located
in the vicinity of said improvement. Since that time the
work has been abandoned both by the contractor and the
township committee, and the contract treated as if it were
rescinded. The plaintiff demanded payment of the amount
of the certificates thirty days before commencement of the
suit, and gave notice of default in the collection of the assess-
ment.

By the terms of the certificates, they were payable as the
money on the assessment should come to the hands of the
township treasurer, and the township committee bound them-
selves that diligence should be used in making and collecting
the assessment, and in case the said assessment was not col-
lected to meet the certificate within one year from the date of
the confirmation of said assessment, that they would pay the
said sum of $500 named in each certificate, with interest from

North Bergen v. Eager.

the date thereof, upon thirty days' notice of default in the collection of the assessment.

The committee have not completed the work at the expense of the contractor, according to the right reserved in the contract, but have abandoned the proposed improvement. No assessment for benefits has been made, or can be made, in the unfinished state of the work; and as no assessment can be made, no money from this source can come to the hands of the township treasurer, nor can the assessment be collected to meet the certificate within one year from the date of its confirmation. The contractor and the township committee, by their abandonment of the work, have defeated the scheme for the payment of these certificates. The defendants now say that the plaintiff has no claim against them, because the contractor did not complete his contract. But the contract is not entire and dependent on the complete fulfillment: for the payments are apportioned as the work progresses, and are to be made on the certificate of the surveyor in charge. This plaintiff holds such certificates, and the question is whether the township committee and the contractor, by their abandonment of the contract and the work, after the assignment to the plaintiff, can defeat his recovery by making it impossible to carry out the exact terms of the certificates, and obtain payment in the manner prescribed. This case is settled by the rule that the assignee of a chose in action takes it subject to the defences and equities that existed between the original parties at the time of the assignment, for it would be a fraud to allow the subsequent default of the assignor, which was assented to by the defendants, and used by them to avoid the contract, and not to complete it, as they might have done by its terms, to defeat the recovery of the plaintiff. *Flemming* v. *Hoboken*, 11 *Vroom* 270; *Bush* v. *Cushman*, 12 *C. E. Green* 131.

All that a court of law or equity can or will do in such cases, since they recognize and protect the rights of assignees of choses in action, is to allow them to take, subject always to any defence, legal or equitable, which existed in favor of

the debtor against the original holder or creditor at the time of the transfer or assignment. *Coster* v. *Griswold,* 4 *Edw. Ch.* 374.

The plaintiff is a holder of these certificates, for a valuable consideration, and can only be charged with such notice of and liability for such defences against their payment as existed at the time when he took them. And if the township committee, since the assignment, have abandoned the improvement, and can make no assessment to pay their obligations for the work already done, the plaintiff must have his action to recover out of the general funds of the township, or he will be defrauded by the voluntary act of these public agents, who had the power to make the improvement and provide for payment.

There is no evidence in the case which contradicts the certificates of the engineer in charge, that at the time the certificates were given to Wakeman, he had done work enough to entitle him to the $1000 therein secured to be paid, with the addition of fifteen per cent. retained until the contract was completed. With the drawback in hand, and the bond given by the contractor and his sureties for the faithful performance of his contract, they should have sufficient indemnification for any loss or damage sustained by the non-fulfillment of the contract by Wakeman, and will not be permitted to off-set his subsequent default against the claim of the plaintiff.

Without contradictory proof of value, the plaintiff is entitled to recover the amount of his certificates, with interest from date, either as debt or damages. The form is immaterial, for if the question were formally presented, the court would change the action, if necessary, to do substantial justice to the plaintiff, and give him the remedy to which he may be entitled.

There was no error in the refusal of the Circuit Court to non-suit the plaintiff, nor in the direction given to the jury that the plaintiff was entitled to a verdict under the evidence for the amount claimed, nor in the record.

The judgment is therefore affirmed.

THE CHANCELLOR. I concur in the result reached by Judge Scudder, but inasmuch as the question as to the defences to which "improvement certificates" are liable in the hands of an innocent holder for value, without notice, has not been passed upon by this court, and was not discussed in this case, and the determination of it is not necessary to the decision, I am not inclined to express an opinion on that subject.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DALRIMPLE, DEPUE, SCUDDER, VAN SYCKEL, WOODHULL, DODD, GREEN, LILLY—10.

*For reversal*—DIXON, CLEMENT—2.